USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/03/2015

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew B. Bloomer, P.C.
To Call Writer Directly:
(312) 862-2482
andrew.bloomer@kirkland.com

300 North LaSalle
Chicago, Illinois  60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

October 27, 2015

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

>  Re:   *In re: General Motors LLC Ignition Switch Litigation*;
>        *Bersano, et al. v. General Motors LLC*, 1:15-cv-00550 (JMF);
>        *Collins, et al. v. General Motors LLC*, 1:15-cv-06990 (JMF);
>        *Doup, et al. v. General Motors LLC*, 1:15-cv-03592 (JMF);
>        *McCormick, et al. v. General Motors LLC*, 1:14-cv-08892 (JMF)

Dear Judge Furman:

Pursuant to this Court's Order No. 81 ¶ 2 (Docket No. 1404), counsel for General Motors LLC ("New GM") write to apprise the Court of New GM's position with respect to the motions filed by the *Bersano*, *Collins*, *Doup*, and *McCormick* plaintiffs for leave to amend their complaints (Docket Nos. 1527, 1528, 1529, 1531).

New GM respectfully requests that plaintiffs' motions be stayed pending adjudication of certain issues before the Bankruptcy Court. In particular,

- Each complaint alleges gross negligence and recklessness, among other things, as bases for an award of exemplary and punitive damages related to a vehicle manufactured and sold by Old GM. New GM's position is that such claims and requests for exemplary and punitive damages are not Product Liabilities assumed by New GM pursuant to the Sale Order, but are Retained Liabilities of Old GM and thus barred by the Sale Order.[1] Plaintiffs' motions concede New GM's position on this issue, noting that plaintiffs "agree that their punitive damages claims against New GM in this action are premised solely upon the conduct of New GM since it was created in July 2009, not the conduct of Old GM." (*See* Docket Nos. 1527 at 1–2; 1528 at 1–2, 1529 at 1–2; 1531 at 1–2.) However, the parties continue to disagree as

---

[1] As explained in extensive briefing in the Bankruptcy Court, New GM purchased assets, free and clear of liabilities and claims relating to vehicles sold by Old GM, other than certain specified Assumed Liabilities. New GM does not have any ongoing obligations to vehicle owners relating to Old GM's Retained Liabilities.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 27, 2015
Page 2

> to whether New GM is liable for punitive damages for its conduct relating to Old GM vehicles, and that is an issue which will be decided by the Bankruptcy Court.
>
> - Each complaint asserts a claim alleging post-sale failure to warn and/or recall with respect to an Old GM-sold vehicle. New GM's position is that such a claim is barred by the Sale Order.
>
> - Each complaint pleads counts of fraudulent concealment and fraud by non-disclosure. New GM's position is that fraud-related claims are Retained Liabilities and plaintiffs are enjoined from asserting these claims against New GM by the Sale Order.

Pursuant to the Bankruptcy Court's September 3, 2015 Scheduling Order (09-bk-50026, Docket No. 13416), each of these issues has been briefed in the Bankruptcy Court, with argument having been heard on October 14, 2015.[2]

Accordingly, New GM respectfully requests that plaintiffs' motions for leave to amend their complaints be stayed pending the Bankruptcy Court's adjudication of the matters before it.[3] A stay of the motions will not prejudice plaintiffs, whose claims are already stayed pursuant to this Court's Order No. 1. (Docket No. 19.) Further, if the alleged purpose of amending the complaints is to make them consistent with the Bankruptcy Court rulings, it makes sense and promotes judicial efficiency for the Bankruptcy Court to rule on all the issues that implicate the allegations and causes of action asserted in the complaints.

---

[2] Additionally, the *Collins* plaintiffs' proposed amended complaint asserts claims arising from a Pre-Closing Accident. (*See* Docket No. 1531-2 ¶ 137.) The Bankruptcy Court has already determined that such claims are barred by the Sale Order.

[3] Although New GM has identified certain issues to be adjudicated by the Bankruptcy Court relevant to plaintiffs' proposed amendments, New GM reserves the right to oppose amendment of the complaints on all other grounds.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 27, 2015
Page 3

    Upon the Bankruptcy Court's adjudication of the issues described herein, New GM will notify this Court and provide a proposal for how this Court should proceed, pursuant to Order No. 81 ¶ 4.

                                    Respectfully submitted,

                                    /s/ Richard C. Godfrey, P.C.
                                  /s/ Andrew B. Bloomer, P.C.

                                  *Counsel for Defendant General Motors LLC*

cc:    The Honorable Robert E. Gerber
        MDL Counsel of Record

Application GRANTED.

SO ORDERED.

November 2, 2015